UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TIDI Products, LLC**

    Plaintiff,

v.                            Case No. 1:16-cv-705

**Premier Guard, LLC**

    Defendant.

# COMPLAINT

Plaintiff TIDI Products, LLC ("Plaintiff"), for its complaint against Defendant Premier Guard, LLC ("Defendant"), alleges as follows:

## Parties

1. Plaintiff is a Wisconsin corporation with its principal place of business located in this District at 570 Enterprise Drive, Neenah, Wisconsin 54956.

2. Upon information and belief, Defendant is a Texas corporation with its principal place of business at Two Greenway Plaza, Suite 460, Houston, Texas 77046 and operates a website at www.premierguard.com.

## Nature of Action

3. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*.

4. Plaintiff is the owner of all right, title and interest in U.S. Patent 8,042,549 ("the '549 Patent") entitled *Sterile Radiological Drape,* issued on October 25, 2011. A copy of the '549 patent is attached as Exhibit A.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Upon information and belief, Defendant regularly conducts business in this District and has sold drapes that infringe the '549 patent in this District. Upon information and belief, Defendants have sold drapes that infringe the '549 patent to distributors who distribute the drapes into this District. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

## COUNT I

### Claim for Infringement of the '549 Patent

7. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-6 as if fully set forth herein.

8. Defendant has manufactured, used, sold and offered to sell drapes that infringe the '549 patent, including a drape that is identified as Premier Guard Product No. 10-2129 (referred to herein as "infringing drapes").

9. Defendant has directly infringed and continues to infringe the '549 patent through the use, manufacture, sale, and offer for sale of the infringing drapes.

10. By way of example, the drape identified as Premier Guard Product No. 10-2129 infringes at least claim 1 the '549 patent, as shown in the claim chart attached as Exhibit B.

11. Upon information and belief, Defendant has induced and contributorily caused infringement the '549 patent.

12. Defendant was put on notice of Plaintiff's rights in the '549 patent at least as early as April 29, 2016.

13. Upon information and belief, after having received Plaintiff's April 29, 2016 letter, Defendant has continued to sell infringing drapes to either direct end users or to distributors.

14. Upon information and belief, direct end users have infringed the '549 patent by using the infringing drapes, and distributors have infringed the '549 patent by selling and offering to sell infringing drapes.

15. Upon information and belief, Defendant encouraged the end users to use infringing drapes, and encouraged the distributors to sell and offer to sell infringing drapes.

16. Upon information and belief, Defendant knew that the use, sale, and offer for sale of infringing drapes would infringe Plaintiff's '549 patent.

17. Upon information and belief, since at least as early as April 29, 2016, Defendant knew that the infringing drapes were made or adapted for a use that would infringe Plaintiff's '549 patent.

18. The infringing drapes are not commonly available items with substantial non-infringing uses.

19. Upon information and belief, Defendant has been and is willfully infringing the '549 patent.

20. It is believed that Defendant will continue to manufacture and offer for sale the infringing drapes unless enjoined from doing so, causing Plaintiff irreparable harm.

21. Defendant's conduct shows a lack of the required duty to avoid infringement of the '549 patent such that this is an exceptional case; therefore, Plaintiff should be awarded its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

22. Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to enhanced damages for infringement of the '549 patent by Defendant, up to treble damages.

23. Pursuant to 35 U.S.C. § 283, Plaintiff is entitled to a preliminary and permanent injunction against further infringement of the '549 patent by Defendant.

### Request for Relief

WHEREFORE, Plaintiff TIDI Products, LLC demands that judgment be entered in its favor and against Defendant Premier Guard, LLC, as follows:

A. Adjudging that Defendant has willfully infringed U.S. Patent 8,042,549;

B. Preliminarily and permanently enjoining Defendant from infringing U.S. Patent 8,042,549;

C. Awarding Plaintiff its damages, together with prejudgment interest, caused by Defendant's infringement;

D. Granting such other and further relief as the court may deem appropriate.

### Jury Demand

Plaintiff TIDI Products, LLC hereby demands a jury trial of all issues of fact not admitted by the defendant.

Dated: June 10, 2016

s/Michael T. Griggs
Michael T. Griggs
Kyle M. Costello
Brad L. Meyer
BOYLE FREDRICKSON, S.C.
840 N. Plankinton Ave.
Milwaukee, WI 53203
Telephone: 414-225-9755
Facsimile: 414-225-9753
*Attorneys for Plaintiff TIDI Products, LLC*